UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRED JEDLISKA, as parent and guardian of
D.J., a minor,

        Plaintiff,

  v.

BRAD SNOW,

        Defendant.

Case No. 23-cv-1202-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Fred Jedliska's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 31).  Defendant Brad Snow has responded to the motion (Doc. 33).

The plaintiff challenges the Court's dismissal of this entire action on the grounds of qualified immunity where his plea for relief also sought declaratory relief, to which qualified immunity does not apply.  Qualified immunity, remember, consists of two inquiries:  (1) whether the officer violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct.  *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The plaintiff believes the Court overlooked the request for declaratory relief.  However, because the Court intentionally and correctly—although it did not articulate it at the time—used its discretion not to grant declaratory relief, the plaintiff's motion has no merit.

As a preliminary matter, it is unclear whether the plaintiff's motion is under Rule 60(b) as it is labeled—and without further citation to an appropriate subsection—or Rule 59(e) to alter or amend the judgment, because it is a substantive motion for reconsideration of the judgment and it

was filed within 28 days of entry of judgment.  *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021).  Both rules aim to erase the finality of a judgment and to permit further proceedings, but Rule 59(e) has a lower threshold of proof than Rule 60(b), which requires "exceptional circumstances."  *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001).  "Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence."  *Id.*  The pending motion was filed within 28 days of entry of judgment, and the plaintiff is asserting that the Court made a manifest error of law by not expressly deciding whether Snow's conduct was constitutional before deciding whether he was entitled to qualified immunity.  Thus, the Court considers the motion under Rule 59(e).

As noted above, under Rule 59(e), a court has the opportunity to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).  Rule 59(e) relief is only available if the movant clearly establishes a basis for relief.  *See Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo*, 250 F.3d 1119 at 1122 n. 3).

In support of his request, the plaintiff cites *Denius v. Dunlap*, 209 F.3d 944 (7th Cir. 2000), for the proposition that the Court should evaluate the constitutionality of the defendant's conduct even where the defendant ultimately escapes liability through the second prong of qualified immunity.  *Id.* at 950.  *Denius* cites *Wilson v. Layne*, 526 U.S. 603 (1999), which directed the Court to "[d]ecid[e] the constitutional question before addressing the qualified

immunity question," noting that to do so "promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609; *see Denius*, 209 F.3d at 950.  The Supreme Court made this order of inquiry a categorical rule in *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Had *Wilson* and *Saucier* been controlling, the Court would have been required to decide whether Snow's actions were unconstitutional before deciding whether he was entitled to qualified immunity, but they are not controlling.

*Pearson v. Callahan*, 555 U.S. 223 (2009), changed the rules.  It considered the consequences of requiring adherence to *Saucier*'s "inflexible procedure," *id.* at 234, and concluded that it should no longer be mandatory to decide the first qualified immunity prong before turning to the second, *id.* at 236-42.  And although *Pearson* acknowledged that qualified immunity does not apply to cases seeking injunctions, *id.* at 242-43 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)), the plaintiff does not seek an injunction but solely seeks a declaration of a constitutional violation.  He essentially seeks to take the Court back to the short period where *Saucier* was the law.

The Court understands it had discretion to issue a declaration but declined to use that discretion because (1) it would serve no useful purpose, (2) it is not worth expending the resources that would be involved in reaching a declaration, and (3) it is consistent with the doctrine of constitutional avoidance.

It is important to distinguish injunction relief from declaratory relief.  Injunctions seek to stop ongoing constitutional violations.  In that sense, they have real consequences to resolve a real controversy.  Declarations, on the other hand, may be just that—statements from the Court that have no immediate impact other than satisfying a plaintiff's curiosity.  That is one of the reasons declaratory relief is at the discretion of the Court.  10B Charles Alan Wright, Arthur R.

3

Miller & Edward H. Cooper, Federal Practice and Procedure § 2759 (4th ed.) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

A declaration in this case would serve no useful purpose and would justify no real relief other than proving a point.  It would not be worth the additional expenditure of the parties' and the Court's resources to decide that point.  Snow's conduct is over, and the plaintiff has not shown his child will likely be subject to this specific set of circumstances again.  The Court has exercised its discretion to refrain from awarding declaratory relief not because there was no constitutional violation but because such a declaration would bring no real relief to the plaintiff.

The plaintiff has not cited any controlling precedent holding that the Court may not address the second qualified immunity prong first and avoid the constitutional question at issue in the first prong.  The Court does not believe a plaintiff can circumvent *Pearson* simply by requesting declaratory relief.  This is especially true where, as discussed below, the Supreme Court has wholeheartedly endorsed avoiding constitutional questions.

Indeed, the principle of judicial restraint favors avoiding constitutional questions if possible.  The Supreme Court noted in *Camreta v. Greene*, 563 U.S. 692 (2011) that qualified immunity facilitates this principle.  As a consequence of qualified immunity, often a lower court can "avoid ruling on the plaintiff's claim that a particular right exists. . . . In this category of qualified immunity cases, a court can enter judgment without ever ruling on the (perhaps difficult) constitutional claim the plaintiff has raised."  *Id.* at 705; *see also Reichle v. Howards*, 566 U.S. 658, 664 (2012).  The Supreme Court cautioned that lower courts "should think hard, and then think hard again, before turning small cases into large ones" by addressing the first qualified immunity prong when a case can be resolved by the second.  *Camreta*, 563 U.S. at 706.  This Court heeded that warning in declining to award declaratory relief in this case.

Because the plaintiff has not carried his burden of showing relief from the judgment is warranted, the Court **DENIES** the plaintiff's motion (Doc. 31).

**IT IS SO ORDERED.**
**DATED:  September 28, 2023**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**